EDWARDS v. MERCANTILE TRUST CO. et al.

(Circuit Court, S. D. New York. February 10, 1903.)

**1. ACTIONS—DEATH OF COMPLAINANT—ABATEMENT.**

Where a suit was brought by plaintiff, in a representative capacity, on behalf of all others similarly situated, and before plaintiff's death another was permitted to intervene, by order of court, and was made a party plaintiff, with plaintiff's knowledge and consent, the action did not abate by plaintiff's death.

**2. SAME—SALE OF STOCK—STAY—LACHES.**

Where defendant advertised certain stock for sale on December 27, 1902, naming February 10th as the day of sale, and complainant made no application for an injunction to restrain the sale until February 5th, in the absence of anything tending to excuse the delay, plaintiff was guilty of such laches as deprived him of the right to stay the sale.

Motion to Vacate Ex Parte Stay.

Chas. W. Pierson and Francis Lynde Stetson, for the motion.
Edgar L. Fursman and C. Godfrey Patterson, opposed.

LACOMBE, Circuit Judge. The argument of the main motion was, by order to show cause, set for February 20th. The property involved is 15,000 shares of stock, which the trust company had advertised for sale on February 10th at 12 o'clock noon; and complainant, with the order to show cause, applied for and obtained a stay of the sale until after the hearing of the motion. The trust company now contends that complainant is not entitled to such a stay. Several grounds are suggested, but one only need be considered.

All the transactions of which complaint is made were fully completed in the year 1893. Apparently, they were of such a character—being embodied in documents—as to make it reasonable to suppose that any one interested might readily obtain knowledge of them. However that may be, it appears from a bill of complaint in an earlier action brought by Jacob Edwards, the original plaintiff here, and verified by Robert J. Edwards, who has sued out the bill of revivor, that the facts were known as early as 1898. This suit was begun September 19, 1902; the original complainant died December 22, 1902; and bill of revivor was filed February 4, 1903. This is a representative suit, however; the complainant originally named suing in behalf of all others similarly situated—i. e., all other income bondholders and stockholders. On December 8, 1902, another holder (one Bennett) was, by order of the court, allowed to intervene, and was made a party plaintiff, with knowledge and assent of complainant. The action, therefore, did not abate by reason of the death of the original complainant. There was at all times a complainant represented by counsel, and in a position to apply for whatever relief might be deemed necessary. The trust company began advertising the sale of the stock, naming February 10th as the day of sale, as early as December 27, 1902; and it must be assumed, in the absence of any affidavits to the contrary, that such announcement of sale came to the knowledge of complainant and his counsel. Week after week, however, was allowed to elapse without notice of any application for injunction, although there was ample time in which to present, to ar-

gue, to examine, and to decide every possible question arising on the papers. Complainant, however, waited until five days before the day of sale, and then sought to postpone the argument until February 20th, while insisting that the sale should meanwhile be stayed. His delay is inexcusable, and the court is clearly of the opinion that he cannot be allowed to hold the stay, and thus force a postponement of the sale, when it is only by reason of his own laches that argument on the main motion was not had in due course long enough before the sale to avoid any necessity for postponement.

Order accordingly.