**Edward A. PERSICO and Angelo Marco, etc., Plaintiffs,**

v.

**Theodore G. DALEY, Larry E. Daley, Anthony Alecca, Donald Johnson and Continental Casualty Company, Defendants.**

United States District Court
S. D. New York.

Jan. 28, 1965.

Robert Silago, New York City, for plaintiffs.

Moses L. Kove, New York City, for defendants Theodore G. Daley, Larry E. Daley, Anthony Alecca, and Donald Johnson.

Hart, Hume & Engelman, New York City, for defendant Continental Casualty Co.

McLEAN, District Judge.

This is an action by two members of Local 445 of the Teamsters Union against the Secretary-Treasurer, the Recording Secretary and two Trustees of the Local, seeking an accounting of union funds. The action purports to be based upon 29 U.S.C. § 501. By an ex parte order dated December 2, 1964, Judge Weinfeld granted plaintiffs permission to bring it.

Defendants move under Rule 12(b) to dismiss the complaint for failure to state a claim. The ground of the motion is that the complaint fails to allege that plaintiffs have made the request upon the Union which Section 501(b) requires as a prerequisite to such a suit.

Section 501(b) provides:

"When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization."

It should be noted that the word "or" in the phrase "fail to sue or recover damages" introduces an ambiguity into the statute. It would seem that the word should have been "to," i. e., that what Congress intended must have been to require a request that the union sue, such suit to be brought either to recover damages or for an accounting or for other appropriate relief. The statute was so construed in Penuelas v. Moreno, 198 F. Supp. 441 (S.D.Cal.1961). The use of the word "or" is made the more puzzling by the fact that the Congressional Committee reports, both of the Senate and the House, and the bills to which those reports relate, use the word "to" instead of "or." [1] Thus, the report of the House Committee on Education and Labor dated July 30, 1959 (H.R.Rep.No.741), states that Section 501(b):

"Provides that when the fiduciary duties declared in subsection (a) are alleged to have been violated and the union or its officers upon request of any member refuse or fail within a reasonable time to sue *to* recover damages or for an accounting or other appropriate relief, *the requesting member* may sue on behalf of the union for appropriate relief in any Federal district court or State court of competent jurisdiction." (Emphasis supplied.)

It would seem that the confusing word "or" must be a misprint in the statute which has heretofore escaped detection. This error, if it is an error, is not trivial, for it gives rise to one of the principal questions presented by this motion.

The complaint here alleges (Paragraph 15):

"Before commencing this suit, President Hopkins made a written demand upon defendant, Theodore G. Daley, for an accounting. A further demand for an accounting was made at the meeting of the Executive Board of Local 445, held on November 4, 1964. * * * Notwithstanding said demands, the Executive Board of Local 445 has failed

---

1. S.Rep. No. 187 on S. 1555, 86th Cong., 1st Sess. (April 14, 1959) [I Legislative History of the Labor-Management Reporting and Disclosure Act 438 (NLRB ed. 1959); also printed in 1959 U.S.Code Cong. & Admin.News, p. 2359]. H.R. Rep. No. 741 on H.R. 8342, 86th Cong. 1st Sess. (July 30, 1959) [I Leg.Hist. 802; 1959 U.S.Code Cong. & Admin. News, pp. 2467–2468]. See also S. 505, § 109(b) [I Leg.Hist. 47–48]; S. 1555, § 109(b), as reported by the Senate Committee on Labor and Welfare [I Leg. Hist. 358–59]; S. 1555, § 209(b), as passed by the Senate [I Leg.Hist. 538–39]; H.R. 8400, § 501(b) [I Leg.Hist. 661–62]; the section in this latter bill is identical with H.R. 8342 which was passed by the House [105 Cong.Rec. 14532–14541 (Daily ed. Aug. 14, 1959); II Leg. Hist. 1693–1702], and it is this bill which was substituted for S. 1555 and H.R. 8342 by the Conference Committee, H. R.Rep. No. 1147, 86th Cong., 1st Sess. (Sept. 3, 1959) [I Leg.Hist. 934; 1959 U.S.Code Cong. & Admin.News, p. 2503]; the Conference Report makes no reference to section 501 at all.

or refused to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after having been requested to do so. Under these circumstances, any further demand for relief by the plaintiffs upon the Executive Board of Local 445, would be futile, since said board is hopelessly split 4 to 3 with the majority controlled by defendant, Theodore G. Daley."

It is tolerably clear from this that the plaintiffs are not alleging that a demand was made that the Union sue, but only that the demand was made that Daley render an accounting. This is made crystal clear from the petition submitted by plaintiffs in support of their application for leave to bring this action. They there stated (Paragraph 13):

"In the light of the control of the Executive Board by Secretary-Treasurer Daley, and his resolution patting himself on the back in handling the strike benefits, it would be the height of folly to expect that a demand to the Executive Board to sue Daley for the return of the $7,490 and an accounting would progress further than the wastepaper basket. Under these circumstances, there is no need to make such a demand for no useful purpose would be served thereby."

█ If a demand that the Union sue is a necessary prerequisite, it is apparent that no such demand has been made in this case. If the word "or" in the statute were "to," as it was in the bills and in the Committee reports, there could be no doubt that a demand to sue is necessary. The court believes that this is how the statute was intended to read. Even taking it as it is, with its seeming misprint, it should, for the reasons stated in Penuelas v. Moreno, supra, be construed to have that meaning. This court so construes it.

It is equally apparent that plaintiffs claim that although no demand to sue was made, failure to make the demand should be excused, for it would be futile to make it, in view of the fact that defendants constitute a majority of the Local's Executive Board. After this complaint was drawn, and after Judge Weinfeld's order was made, the Court of Appeals held that such an allegation is insufficient. Coleman v. Brotherhood of Railway and Steamship Clerks, etc., 340 F.2d 206 (2d Cir. Jan. 8, 1965).

The court there said, after quoting the language of Section 501(b) pertaining to the request to be made upon the Union (p. 208):

"We hold that this provision of the statute is mandatory and that its requirements cannot be met by anything short of an actual request. An allegation of the futility of such a request will not suffice. * * * Since the plaintiffs do not allege that they have made the prescribed request, they are not in a position to bring the present action."[2]

█ The failure to allege a request that the Union sue, therefore, is fatal to the sufficiency of the present complaint.

This conclusion disposes of this motion on a ground which was not advanced by defendants. The court considers it appropriate to go further and briefly to express its views upon the grounds which defendants did advance.

Assuming for the sake of argument, contrary to what the court has just held, that no request to sue is necessary, but only a request for an accounting, we have this situation: The complaint does allege that a request for an accounting was made and that the Union failed to comply with it, but it does not allege that the request was made by plaintiffs. On the contrary, it alleges that it was made by "President Hopkins," who is not a party to this action. Defendants urge that the

2. It may be observed that in so far as the nature of the request which Section 501(b) requires is concerned, the court merely quoted the language of the section without attempting to determine what this language means and what type of request must be made. Doubtless this was because in the case before it no request of any sort had been made.

statute has not been complied with because only the union members who made the demand may bring the action.

 Section 501(b) provides that when the Union fails to sue, etc., "after being requested to do so by any member of the labor organization, such member may sue * * *." Literally this means that only the member who made the demand may sue. This construction is supported by the passage from the House Committee Report previously quoted which states that "the requesting member may sue * * *." Bearing in mind the recent admonition of the Court of Appeals that the statute was not "intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions" (Gurton v. Arons et al., 339 F.2d 371, at p. 375 (2d Cir. Dec. 24, 1964)), the court believes that a strict and literal interpretation of Section 501(b) is called for. It follows that plaintiffs may not bring this action because they did not make the request, and hence that the complaint is defective for this reason as well.

Finally, defendants urge that before suit can be brought, plaintiffs must exhaust their remedies within the Union, as given them by its constitution and bylaws, and that they must allege in their complaint that they have done so.

Penuelas v. Moreno, supra, supports defendants' contention. The law in this circuit, however, appears to be to the contrary. Holdeman v. Sheldon, 204 F.Supp. 890 (S.D.N.Y. 1962), aff'd, 311 F.2d 2 (2d Cir. 1962).

Section 501 contains no such requirement, although 29 U.S.C. § 411(a) (4) (Sec. 101(a) (4) of the Act), which deals with a different type of action not involved here, does so require. In Holdeman v. Sheldon, supra, Judge Croake held that the provisions of Section 411(a) (4) were not to be read into Section 501. This decision was affirmed by the Court of Appeals for the reasons given by Judge Croake.

The motion is granted and the complaint is dismissed, without prejudice, however, to the bringing of a new action for the same relief, after plaintiffs have made the request required by Section 501(b) and after they have again obtained the permission of this court, for good cause shown, as required by that section.

So ordered.