Guido **GIORDANI**, Anthony Halpin, Alfredo Pizarro, Theodore G. Tibbatts, Martin Major, Saverio Ciulla, and Raymond Garofolo on behalf of the Upholsterers International Union, a labor organization, and also as representatives of the class of persons on whose behalf contributions are made to the U. I. U. Health and Welfare Fund, a trust fund, and also as representatives of the class of persons on whose behalf contributions are made to the U. I. U. National Pension Program, a trust fund

v.

Sal B. **HOFFMANN**, Alfred R. Rota, R. Alvin Albarino, Martin L. Garber, Paul W. Heaton, Al Gord, Hubert W. Bell, Victor T. Valin and Clarence Ewins, both Individually and Collectively Constituting the General Executive Board of the Upholsterers International Union of North America, an unincorporated association, and also collectively constituting the Board of Trustees of the U. I. U. Health and Welfare Fund, a trust fund and Sal B. Hoffmann, A. J. Becker, Ralph O. Campbell, H. J. Malerstein, Lee Henson, Grant C. Simmons, Jr., R. Alvin Albarino, Martin L. Garber, Al Gord and Hubert W. Bell, Individually and Collectively Constituting the Board of Governors of the U. I. U. National Pension Trust, a trust fund, 1500 North Broad Street, Philadelphia, Pennsylvania and United States Fidelity and Guaranty Company and American Insurance Company.

Civ. A. No. 41768.

United States District Court
E. D. Pennsylvania.

Nov. 3, 1967.

Edward B. Bergman, Solo, Abrams, Bergman, Trommer & Padova, Philadelphia, Pa., Gene Crescenzi, New York City, for plaintiffs.

Jan E. DuBois, White & Williams, Philadelphia, Pa., for all individual defendants.

Harold E. Kohn, Bruce W. Kauffman, Dilworth, Paxson, Kalish, Kohn & Levy, and M. H. Goldstein, Michael Brodie and Goldstein & Barkan, Philadelphia, Pa., for General Executive Board of Upholsterers International Union of North America, Board of Trustees of U. I. U. Health & Welfare Fund, Board of Governors of U. I. U. of National Pension Trust.

Frank Bielitsky and Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for U. S. Fidelity & Guaranty Co.

Paul J. Donnelly, Philadelphia, Pa., for The American Insurance Co.

MEMORANDUM AND ORDER SUR MOTION TO VACATE ORDER GRANTING APPLICATION FOR LEAVE TO SUE (Document 8)

VAN DUSEN, Circuit Judge (Sitting by Designation).

After filing in January 1967, a Motion to Dismiss this Civil Action instituted in December 1966, which includes in Count I an alleged cause of action under 29 U.S.C. § 501,[1] the Union defendant in February 1967 filed the Motion (Document 8) now before the court, requesting that the order of December 23, 1966, granting plaintiffs' application for leave to sue, be vacated for the four reasons discussed below.[2]

I. Contention that the Union and its representatives had not refused or failed to sue within a reasonable time after being requested to do so

The request to sue, addressed to the Union's General Executive Board (Exhibit C-1 to the Complaint), was dated November 7, 1966, and there was attached to the above Motion (Document 8) a copy of a letter of November 29, 1966, saying that the allegations in the November 7 letter were being referred to the Union Council of Delegates so that it could appoint a three-man committee to investigate the charges. This letter did not say that if the allegations were found to be accurate suit would be brought against the International President (Sal B. Hoffmann) or the members of the General Executive Board of the Union, who were alleged to be violating their fiduciary duties, in the November 7 letter. An affidavit attached to the above Motion (Document 8) stated that a three-man committee consisting of Ben Shouse (Chairman), Dominic Zappia, and Wardwell Lamberson had been selected and that their first meeting would be February 8, 1967. At the argument on this Motion held October 20, counsel for the Union stated that the committee had held hearings February 23–24, 1967, and one hearing in September 1967. There is

1. Section 501(a) provides:
"The officers, agents, * * * and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person * * * to hold its [the labor organization] money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization."
Section 501(b) reads in part:
"(b) * * * When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte."

2. The application for leave to sue was filed with the court on December 20. One of present co-counsel for the Union (who had represented it in another case in this court) was given a copy of the Complaint on December 19 and his associate appeared at motion court on December 21. By letter of December 22, such counsel declined to comment on the application and the Order granting leave to sue was signed on December 23 (see Document 1).

no evidence that any corrective action has been taken by the Union.

If this Motion had been brought before the court in February 1967, it is most probable that the order of December 23, 1967, would have been vacated, but the filing of this Motion (Document 8) with the Clerk was never brought to the attention of the undersigned until June or July 1967. In July 1967, counsel were notified of an August argument date, but this was continued until October 20 at the request of counsel.

■ It would be a futile act to vacate the December 1966 order now and require plaintiffs to file another motion to authorize the filing of a complaint because the committee had not acted to correct the alleged grievances of plaintiffs within a reasonable time. It is now approximately a year since the Union was asked to remedy the alleged breaches of fiduciary duty and to sue Mr. Hoffmann by the letter of November 7, 1966. No showing of any remedial action or of a suit by the Union appears in this record.

II.  Contention that plaintiffs failed to give the Union a reasonable opportunity to investigate or take remedial action

■ As stated under I, the Union has had approximately a year to take remedial action and to bring suit, but no such action has been shown.[3]

III. Contention that exhaustion of internal remedies is a prerequisite to securing leave to file a suit under 29 U.S.C. § 501

■ On this record, no exhaustion of internal remedies is required for leave to file this suit. See Horner v. Ferron, 362 F.2d 224, 231 (9th Cir. 1966), and cases cited at pages 12–13 of plaintiff's brief (Document 23).

IV.  Contention that "good cause" to file this action, as provided in 29 U.S. C. § 501(b), has not been shown

■ The allegations and exhibits of the verified Complaint set forth breaches of fiduciary duties by Union representatives. The Union has not placed on the record even sworn affidavits, denying each allegation relevant to the claims under 29 U.S.C. § 501 as stated, and has filed none of the testimony taken at the February and September hearings before the Union committee mentioned above. It is "inappropriate to consider, at such a hearing [on the issue of good cause under 29 U.S.C. § 501(b)], defenses which require the resolution of complex questions of law going to the substance of the case. Defenses of this kind should be appraised only on motion for summary judgment or after a trial. Defenses which necessitate the determination of a genuine issue of material fact, being beyond the scope of summary judgment procedure, are *a fortiori*, beyond the scope of a proceeding to determine whether a section 501(b) complaint may be filed. Defenses involving disputed questions of fact should be appraised only after a trial at which the parties and the court can have the benefit of a complete inquiry, assisted by such pre-trial discovery as may be undertaken." Horner v. Ferron, supra at 229.

This record does not establish that the suit constitutes "harassing and vexatious litigation brought without merit or good faith."[4] Horner v. Ferron, supra at 228,

---

3. Affidavits could have been filed up to the date of the October 20, 1967, argument to show any action taken by the Union and no such affidavits or depositions have been filed.

4. In making this decision, the court is entitled to consider the sworn and undenied allegations of paragraph 11 of the Complaint, including the letter of November 15, 1966 (Exhibit C–1 to the Complaint), showing that the first answer of the members of the Union Executive Board to the letter of November 7 was to demand monetary damages for slander and libel and threaten suit unless the matter was adjusted "amicably." The record shows that at least three libel suits have been filed against some or all of plaintiffs as threatened in the above-mentioned November 15, 1966, letter. See Affidavit of February 17, 1967 (Document 14). The court may also

and cases there cited, including Highway Truck Drivers and Helpers Local 107 v. Cohen, 182 F.Supp. 608, 622 (fn. 10) (E.D.Pa.1960), aff'd 284 F.2d 162 (3rd Cir. 1960).

> Contention that employer members of the Board of Governors of the U. I. U. NATIONAL PENSION TRUST are not proper defendants under Section 501 (pp. 9–10 of attached Brief of Movants)

 These employer members appear to be proper parties defendant in the causes of action alleged under § 302 of the LMRA (29 U.S.C. § 186) and compliance with § 501 is not required for such claims under § 302. Also, it is noted that this contention is not stated in the Motion filed in February 1967, and raising such an issue in October 1967 is not timely, particularly where counsel[5] for these defendants have had the benefit of discovery while this suit has been pending (see, for example, deposition filed as Document 22).

The language of § 501(b) (29 U.S.C. § 501(b)) may not require that every individual sued be named in a letter to the union governing board, requesting the union to sue, where the chief executive officer of the union is specifically named as the person against whom the union should proceed.

The foregoing discussion makes it unnecessary to decide whether this Motion is timely under the terms of Local Rule 34 (see letter of October 30, 1967, attached to plaintiff's Brief filed as Document 23).

Many of the arguments raised in the attached Brief can be presented to the court in the argument on the previously filed Motion under F.R.Civ.P. 12 (Document 5) and at the trial.

consider that as early as January 1967 charges were filed against plaintiffs by members of the Union on the basis of the November 7 letter attached to the Complaint which could lead to their expulsion from the Union. See Affidavit of February 17, 1967 (Document 14). The Affidavit of July 28, 1967 (Document

### ORDER

And now, November 3, 1967, it is ordered that the motion to vacate order granting application for leave to sue (Document 8) is denied.

19), as well as other affidavits in the record, has also been considered in deciding this Motion.

5. It is noted that counsel of record for these defendants is not the same as counsel who filed the Motion now under consideration.