Gervase J. PURCELL, Jr., Gregory Horan, John R. Keenan, Samuel J. Rosato, James J. Higgins, and Ronald McGuigan, on Behalf of Local 169, Affiliated With the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, a Labor Organization, Appellees,

v.

Frank KEANE, Archie McGowan, Frank Burdy, Bernard Marcus, Andrew O'Hara, William Maloney, Appellants,

and

Fireman's Fund American Insurance Company.

No. 17090.

United States Court of Appeals Third Circuit.

Argued Sept. 20, 1968.

Decided Jan. 31, 1969.

10. Supra, footnote 2.

Bernard N. Katz, Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for appellants.

Edward B. Bergman, Solo, Abrams, Bergman, Trommer & Padova, Philadelphia, Pa., for appellees.

Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

This is an interlocutory appeal from an order denying defense motions to dismiss the complaint certified for this appeal by the District Court pursuant to 28 U.S.C. § 1292(b). Leave to appeal was granted by this Court on December 6, 1967.

The narrow issue here is whether exhaustion of internal union remedies is a condition precedent to suit brought under Section 501(b) of the Labor Management Reporting and Disclosure Act of 1959 (hereinafter LMRDA), 73 Stat. 535, 29 U.S.C. § 501(b) (1959).

Appellees are rank-and-file members of Warehouse Employees Local 169, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Essentially, their complaint, filed November 8, 1966, alleges numerous breaches of fiduciary duties by appellants who were officers or business agents of Local 169. The alleged breaches included various expenditures of union funds for personal use and failure to account for union funds advanced to appellants to attend a convention in Miami Beach, Florida.

A brief chronological narration of appellees' efforts to apprise the union of these alleged violations and to urge the union leadership to take effective action against appellants is vital to a clear understanding of the background of this case. On September 29, 1966, prior to the filing of the complaint, appellees forwarded a letter to all the members of the Executive Board of Local 169 which, in effect, detailed the violations and concluded with the paragraph:

"We therefore demand that the Executive Board take immediate steps to recover from the officers and agents whose names appear on the attached list the amounts of the unauthorized

expenditures made by them. Immediate action by you is requested and you are advised that if you do not act promptly to recover these sums, we, as members of Local 169, shall do so ourselves, on behalf of the union, by means of a lawsuit if necessary, under the provisions of Section 501 of the Labor Management Reporting and Disclosure Act."

Attached to the letter was a list of the numbers of 287 union checks which allegedly represented the improper expenditures. The affidavit of Hartsough, president of the Local, notes the following events. A meeting of the Executive Board of Local 169 was held on October 4, 1966 at which a subcommittee was appointed to inquire into the charges contained in appellees' letter. About October 17 or 18, 1966, Hartsough asked McGowan, a member of the special subcommittee, when the report would be ready. McGowan, in essence, answered that he was too busy to do anything about it and, further, that he did not know when the subcommittee would meet. As a result of that conversation with McGowan, Hartsough sent the following letter to each of the members of the subcommittee on October 25, 1966:

"Dear Sir and Brother,

On October 4, 1966, at an Executive Board Meeting, a sub-committee was appointed by me, to go over certain allegations made regarding checks, etc.; since you are a member of the sub-committee, I feel a report is now due.

Awaiting your early response, I am

Fraternally,

(Signed)  EDW. J. HARTSOUGH
Edw. J. Hartsough
President

EJH:mkb
Delivered by hand: 10/25/66 by E J H"

———◆———

Thereafter, on or about November 3, 1966, Purcell, one of the appellees, inquired of Hartsough whether the subcommittee report had been received. Hartsough answered in the negative and said further, that he had sent the above letter and had received no reply. This suit was commenced on November 8, 1966. Appellants, who are represented by counsel appointed and retained by the union, filed a motion to dismiss the complaint alleging, inter alia, failure to exhaust intra-union remedies. In an opinion and order dated November 20, 1967 the District Court Judge denied the motion to dismiss.

In seeking reversal of the order of the District Court the appellants say that in a suit brought under Section 501(b) of the LMRDA there is a mandatory obligation to exhaust internal remedies before bringing a court action. In support of that argument, it is urged that Section 101(a) (4) of the LMRDA, 73 Stat. 522, 29 U.S.C.A. § 411(a) (4) applies to suits brought under Title V of the LMRDA, 73 Stat. 535, 29 U.S.C.A. § 501 et seq. Section 101(a) (4) of the LMRDA (now 29 U.S.C.A. § 411(a) (4)) reads, in part, as follows:

"No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or repondents in such action or proceeding

\* \* \* Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof \* \* \*."

Section 501(b) of the LMRDA makes no specific reference to the exhaustion provision set forth in Section 411(a) (4). It reads in part as follows:

"(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. \* \* \*"

■ The statute provides specifically and it has been so held by case authority that a request upon the union officers to take action is a condition precedent to suit by a union member. Coleman v. Brotherhood of Railway and S. S. Clerks, Freight Handlers, Exp. and Station Emp., 340 F.2d 206, 15 A.L.R.3d 933 (2 Cir.1965); Horner v. Ferron, 362 F.2d 224 (9 Cir.1966), cert. den. 385 U. S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305; Persico v. Daley, 239 F.Supp. 629 (D.C. N.Y.1965); International Brotherhood of Teamsters, etc. v. Hoffa, 242 F.Supp.

246 (D.D.C.1965). Also, the complainant must obtain leave of court upon good cause shown before commencing suit. Addison v. Grand Lodge of International Association of Machinists, 318 F.2d 504 (9 Cir.1963); Coleman, supra; Executive Board, Local Union v. International Brotherhood of Electrical Workers, 184 F.Supp. 649 (D.C.Md.1960).

■ Appellants would now have us engraft upon the express provisions of 501(b) the exhaustion language contained in 411(a)(4) set forth above. Appellants argue that the requirement of exhaustion in this instance would be consonant with the Legislative intent expressed by Congress. We find the opposite to be true. The Congressional intent is clearly set forth in Section 2, 73 Stat. 519, 29 U.S.C.A. § 401(1959). It reads, in part, as follows:

"(b) The Congress further finds, from recent investigations in the labor and management fields, that there have been a number of instances of breach of trust, corruption, disregard of the rights of individual employees, and other failures to observe high standards of responsibility and ethical conduct which require further and supplementary legislation that will afford necessary protection of the rights and interests of employees and the public generally as they relate to the activities of labor organizations, employers, labor relations consultants, and their officers and representatives.

"(c) The Congress, therefore, further finds and declares that the enactment of this chapter is necessary to eliminate or prevent improper practices on the part of labor organizations, employers, labor relations consultants, and their officers and representatives \* \* \*."

This Circuit in Gartner v. Soloner, 384 F.2d 348 (3 Cir.1967), cert. den. 390 U.S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302 (1968) considered the Legislative pur-

pose of the LMRDA at length and stated at p. 355:

"The Eighty-sixth Congress of the United States, acting on recommendations of the McClellan Committee, was faced with the task of fashioning legislation to curb racketeering which threatened to annul the hard fought gains of this country's honest working men and women. The Labor-Management Reporting and Disclosure Act of 1959 was the Congressional answer which attempted to strengthen the individual rights of labor union members and to rid the labor movement of the unsavory elements with which it had unfortunately become associated."

See also: Nelson v. Johnson, 212 F. Supp. 233 (D.C.Minn.1962), affd. 8 Cir., 325 F.2d 646; United Brotherhood of Carpenters and Joiners of America v. Brown, 343 F.2d 872 (10 Cir.1965). Also, as was noted in the opinion of the District Court, it is significant that other sections of the LMRDA provide specifically for exhaustion of intra-union remedies.[1] It is quite evident that the intent of Congress was to adopt a separate procedure under 501(b) free from the exhaustion restriction set forth in 411(a) (4). We hold, therefore, that it was not the intent of Congress to make the exhaustion requirement of Section 411(a) (4) applicable to suits brought under Section 501(b) of the LMRDA. Holdeman v. Sheldon, 204 F.Supp. 890 (S.D.N.Y.1962), affd. 311 F.2d 2 (2 Cir.1962); Persico v. Daley, supra; Horner v. Ferron, supra.

The applicability of Section 411(a) (4) has also been narrowly construed in United Brotherhood of Carpenters and Joiners of America v. Brown, supra, wherein the Court stated at p. 881 of 343 F.2d:

"Appellants also contend that the judgment must be reversed and the action dismissed for the reason that the plaintiffs have failed to exhaust the internal remedies afforded by United Brotherhood's Constitution and Laws as required by section 101(a) (4) of the Act, 29 U.S.C.A. § 411(a) (4). We do not agree. Section 101(a) (4) is applicable only where individual violations of the so-called Bill of Rights provisions are alleged and does not apply where, as here, the validity of a trusteeship is being challenged."

See also: Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2 Cir. 1961), cert. den. 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (Section 411(a) (4) applied to violations of Title I of LMRDA); Parks v. International Brotherhood of Electrical Workers, 314 F.2d 886 (4 Cir.1963), cert. den. 372 U. S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963).

The case of Fruit and Vegetable Packers and Ware. Local 760 v. Morley, 378 F.2d 738 (9 Cir.1967) which appellants claim suggests that 411(a) (4) governs other titles of the LMRDA is not contrary authority. There the court refused to rule on the union's allegation that 411(a) (4) governs other titles of the LMRDA.[2] Nor do Sheridan v. United

---

1. Section 402 of the LMRDA, 73 Stat. 534, 29 U.S.C.A. § 482 regarding challenged elections provides:

"(a) A member of a labor organization—

(1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body, or

(2) who has invoked such available remedies without obtaining a final de-

cision within three calendar months after their invocation, may file a complaint with the Secretary * * *."

2. 378 F.2d 738, 745:

"There may be strong support for the union's contention that § 411(a) (4) applies to proceedings under § 481(c), but a precise ruling on that question is not required in this case."

Brotherhood of Carpenters and Joiners of America, 306 F.2d 152 (3 Cir.1962) and Harris v. International Longshoremen's Assn., Local 1291, 321 F.2d 801 (3 Cir.1963) in any way support appellants' position.[3]

Appellants also cite Penuelas v. Moreno, 198 F.Supp. 441 (D.C.Cal.1961) which held, substantially, that "good cause" within the purview of Section 501(b) of the LMRDA is not shown unless the union member has exhausted his internal union remedies and, therefore, Section 411(a) (4) of the LMRDA applies to suits brought under 501(b). This rationale was rejected later by the Ninth Circuit in Horner v. Ferron, supra. See also: Holdeman v. Sheldon, supra; Persico v. Daley, supra.[4] Horner, supra, has been cited with approval in the recent case of Giordani v. Hoffman, 277 F.Supp. 722 (E.D.Pa.1967). The trend against requiring mandatory exhaustion of internal remedies is illustrated in the recent case of Aho v. Bintz, 290 F.Supp. 577 (D.Minn. Oct. 10, 1968), a suit brought under Section 501(a) and (b) of the LMRDA. In discussing the exhaustion element the Court at page 580 states:

"The courts are not in complete agreement whether a complete exhaustion of internal remedies is required or whether merely a demand of the officers and a refusal by them is sufficient to confer jurisdiction on the court. The prevailing rule seems to be that the requirement is not jurisdictional beyond the making of an unsuccessful demand."

We hold that there is no mandatory exhaustion of internal remedies requirement in suits brought under Section 501 of the LMRDA. A court, in its discretion, may, however, take all the facts and circumstances into consideration in determining whether "good cause" has been shown. Efforts to invoke internal remedies of the union may affect the "good cause" requirement of Section 501(b) under certain circumstances.

Appellants suggest further that even if the Title I limitation of exhaustion of remedies does not apply to a Title V suit, "then the doctrine of exhaustion of remedies is even more fully applicable." They say that "a Title V law suit must be brought against the backdrop of the old judicially sanctioned exhaustion of remedies requirements." However, under our circumstances strict use of any exhaustion requirement would not be warranted. As set out in the opinion below "it was highly speculative whether the union would ever take court action". It is worthy of mention that the subcommittee appointed to investigate the charges made by appellees was composed of the same individuals who were charged with the misuse of funds.

Accordingly, under the clear authority above outlined, the order of the District

---

**3.** Sheridan involved a violation of Title VI, Section 609 of the LMRDA, 73 Stat. 541, 29 U.S.C.A. § 529. This section makes specific reference back to Section 412 and makes it applicable to the enforcement of Section 529. Therefore, Judge Hastie, in ruling that the exhaustion provision of 411(a) (2) applied had a direct statutory mandate to apply the provisions of Title I to the case. There is no such provision in Title V of the LMRDA, Section 501(b) of the Code.

Harris, supra, involved a violation of Title I, the "Bill of Rights" of LMRDA to which Section 411(a) (4) is specifically applicable. See: Brown, supra.

**4.** It is true that in Holdeman the defendants failed to set forth the significant portions of the union's constitution and by-laws which dealt with available internal remedies. In the instant matter appellants have attached a copy of the union's constitution and have discussed the remedial sections and appellate procedures at length in their brief. Appellants, however, are not benefited by this distinction since the Court in Holdeman denied as a matter of law, the contention that the plaintiff had no right to bring his suit under 501(b) since he had not exhausted internal union remedies.

Court of November 20, 1967 denying the motions to dismiss the complaint in this cause will be affirmed. The stay of proceedings is vacated and the case is remanded to the District Court for such further proceedings as may be indicated.

