Arthur ADAMS and James Young, Plaintiffs,

v.

M. L. REAR et al., Defendants.

No. CIV–76–0298–D.

United States District Court,
W. D. Oklahoma.

June 28, 1976.

William A. Vassar, III, Oklahoma City, Okl., for plaintiffs Adams and Young.

Jack D. Becker, Oklahoma City, Okl., for defendants Rear, Davidson and McDonald.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiffs bring this action to redress alleged violations of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq., by the Defendants. Jurisdiction is alleged to exist pursuant to 29 U.S.C. §§ 412 and 501(b).

Plaintiffs allege that they are members of the Oklahoma City, Oklahoma Area Local of the American Postal Workers Union (Union); that the Defendants are officers of Union; that Defendants violated 29 U.S.C. § 411(a)(3) by conducting an election for automatic dues increases by a show of hands and not by a secret ballot; that Defendants have violated 29 U.S.C. § 501 by authorizing Defendant Rear payment for unused hours of annual leave in violation of a provision of the Union's constitution; and that Defendants have violated the Union constitution and 29 U.S.C. § 501 by authorizing excessive payments to employees. Plaintiffs seek to enjoin the collection of further automatic dues increases, damages in the amount of excess dues paid under the automatic dues increase policy, attorney's fees, judgment declaring the parties' respective rights and the statutory remedy provided by 29 U.S.C. § 501(b).

Defendants have filed herein a Motion to Dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.Rules Civ.Proc. It is Defendants' position that Plaintiffs' action pursuant to 29 U.S.C. § 411(a)(3) is untimely because Plaintiffs have failed to exhaust intra-union grievance procedures and that Plaintiffs' action pursuant to 29 U.S.C. § 501 should be dismissed because Plaintiffs have failed to show good cause as is required by 29 U.S.C. § 501(b). Plaintiffs have responded to Defendants' Motion and the matter being at issue before the Court is determined below:

The Labor Management Reporting and Disclosure Act's Bill of Rights of Members of Labor Organizations is encoded in 29 U.S.C. § 411. 29 U.S.C. § 411(a)(4) provides:

"No labor organization shall. limit the right of any member thereof to institute an action in any court * * * *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organization * * * *"

The proviso was designed to further the Act's purpose of achieving Union democracy by giving Unions a reasonable opportunity to correct abuses and by encouraging them to set up machinery for prompt fair disposition and review of disputes. *Simmons v. Avisco, Local 713, Textile Workers Union,* 350 F.2d 1012 (Fourth Cir. 1965). The proviso is not a grant of authority to Unions but is a statement of public policy that the public tribunals whose aid is envoked in the enforcement of rights granted by the Act may in their discretion stay their hand for four months while the aggrieved person seeks relief within the Union. *NLRB v. Shipbuilding Local 22,* 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). The question of whether or not a Union member will be required to exhaust his intra-union remedies is a matter within the discretion of the trial judge. *Giordani v. Upholsterers International Union of No. Amer.,* 403 F.2d 85 (Second Cir. 1968); *Pearl v. Tarantola,* 361 F.Supp. 288 (S.D.N. Y.1973).

Defendants contend that Plaintiffs ought to be required to exhaust their Union remedies in this case because there is an available procedure which can afford adequate relief within four months. Plaintiffs contend that it would be futile for them to resort to the intra-union remedies afforded by the Union's constitution because the Union's president dominates that procedure and he is named as a Defendant herein. The requirement of resort to intra-union remedies has been excused in cases where there has been a continuing controversy between the aggrieved party and the

**1118**

Union officials who constitute the review authority for the intra-union remedy. *Wood v. Dennis,* 489 F.2d 849 (Seventh Cir. 1973); *Fulton Lodge No. 2 of Int. Ass'n of Mach. & Aero. Wkrs. v. Nix,* 415 F.2d 212 (Fifth Cir. 1969). However, in this case there is no indication of a continuing controversy between Plaintiffs and Defendants, and Defendant Rear has submitted an affidavit indicative of his good faith. Moreover, it does not appear that Plaintiffs will sustain any irreparable injury if the action is stayed for four months. Accordingly, the Court will stay the action for four months from this date and require Plaintiffs to avail themselves of intra-union remedies.

■■■ 29 U.S.C. § 501(a) imposes upon Union officials a fiduciary duty with respect to Union funds. Plaintiffs' "annual leave" and "excessive payment" theories are based on alleged misuse of Union funds in violation of this section. 29 U.S.C. § 501(b) requires "leave of the court obtained upon verified application for good cause shown" as a prerequisite to bringing an action based upon a violation of 29 U.S.C. § 501(a). Union members must obtain leave of the Court before commencing suit for alleged violations of 29 U.S.C. § 501(a). *Purcell v. Keane,* 406 F.2d 1195 (Third Cir. 1969). Dismissal is appropriate where union members do not obtain leave of court before proceeding in an action for violations of 29 U.S.C. § 501(a). Plaintiffs appear to have been aware of this requirement when they filed the instant action as they request in the prayer of their Complaint that they be allowed to bring the action as to alleged violations of 29 U.S.C. § 501 "after proper application and good cause shown, they be allowed to bring the action . . ." Such request does not conform to the statutory requirement which calls for such leave prior to the commencement of an action. Accordingly, that portion of Plaintiffs' Complaint which is based on alleged breach of fiduciary responsibilities of officers of labor organizations pursuant to 29 U.S.C. § 501 et seq. is dismissed without prejudice for failure to obtain the proper leave of court prior to the commencement of the action.