Louis A. **HOFFMAN**, Plaintiff,

v.

John E. **KRAMER**, et al., Defendant.

No. H–01–MC–486.

United States District Court,
S.D. Texas.

Jan. 31, 2002.

Joseph A. Garnett, Houston, TX, for Plaintiff.

Patrick M. Flynn, Houston, TX, for Individual Defendants.

Nicholas J. Enoch, Stanley Lubin, Phoenix, AZ, Defendant SW Airlines, SW Airlines Pilots Assoc.

Opinion on Leave to Sue

HUGHES, District Judge.

1. *Introduction.*

A union member alleges union officials breached fiduciary duties imposed by federal law and moves for leave to sue them. The proposed claims do not arise from the duties demanded by the statute. There is not good cause to sue.

2. *Union Management.*

■ Federal law imposes fiduciary duties on union officers. They may not engage in self-dealing, spend union funds for personal benefit, or act adversely to union interests. They must also account to union membership for gains they receive in connection with their union offices. Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501(a). Union officers cannot use union funds for personal purchases, use union property for personal purposes, or use union money to reimburse non-union expenditures. *See Ray v. Young,* 753 F.2d 386, 390 (5th Cir.1985).

■ Because corrupt union leadership cannot be trusted to police itself, individual union members may sue officers if the union refuses to take action. This opportunity is parallel to a shareholder's derivative action. To discourage mis-use of litigation, however, the member must first obtain leave of the court by showing good cause for the suit. 29 U.S.C. § 501(b); *see Horner v. Ferron,* 362 F.2d 224, 228 (9th Cir.1966).

3. *Background.*

John E. Kramer, Marilyn H. Zeiler, and Patrick P. Filburn are former officers of the Southwest Airlines Pilots Association; Louis A. Hoffman is a member. Hoffman accuses the former officers of doing things that he says breached the officers' fiduciary duty to the union. The union board declined Hoffman's entreaties to sue the former officers; he has applied for leave to sue them himself.

4. *Claims.*

The fifteen charges Hoffman brings can be divided into three broad categories:

- Voided union election,
- Office policy and the conduct of union business, and
- Moose antlers.

### A. *Election.*

█ Hoffman claims that the defendants conspired to fix a union election—later re-run by the Department of Labor—and that Filburn got paid from his illegal election as vice president. The remedy for the defective electoral process is not this suit but the intervention of the Labor Department. Hoffman's objections to the election were addressed at the ballot box—Filburn lost the second, supervised election. This dispute has been resolved. Further, Filburn's pay was not itself illegal. He did not get the vice president's salary because he engaged in illegal activity; he got it because he served, albeit briefly, as vice president. The money spent to re-run the election did not personally benefit the defendants. There is no good cause to proceed with the election allegations.

### B. *Office Practice.*

█ The second group of claims arise from Hoffman's disagreements with the defendants over the routine operating decisions they made while in office and details of internal office administration. Deciding to pay for an employee's graduate studies, giving employees extra time off, or even shredding union documents are not breaches of a fiduciary duty covered by the statute. Neither are poor attendance, sloth, and sending letters to union members instead of using the union newsletter violations of federal law. Union officials may hire consultants, lease office space to union attorneys, and accept rides in private airplanes without breaching their duty to the union. Disagreements over union policies—complaints about business judgment, work habits, employee leave, and budgeting—are for campaigns against

incumbents. They are not good cause for a lawsuit.

### C. *Antlers.*

█ Kramer spent union money to ship a pair of moose antlers from the union office to his home in New Mexico. While this freight benefitted Kramer, he had used the antlers as office decoration, giving the union the benefit of their use in consideration of the re-delivery cost. Federal law does not bar a union from shipping personal effects from an office to a home once an officer has been turned out of his position. This claim is not good cause for a lawsuit.

### 5. *Conclusion.*

However stupid and wasteful the former officers' actions may have been, they raise issues of time, attendance, performance, and administration—not breach of fiduciary duty. The law confides these concerns to the union membership through the election of officers; in fact, the defendants have already been replaced on the union's board. Hoffman may pursue his frustration with Kramer, Zeiler, and Filburn through other avenues; he should watch the current administration to ensure it does not repeat the errors. He does not have good cause to sue under the federal labor statutes.