**Donald COWGER, Plaintiff–Appellant,**

v.

**Donald ROHRBACH,**
**Defendant–Appellee.**

**No. 87–6640.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1989.

Decided Feb. 27, 1989.

Dennis F. Moss, Sherman Oaks, Cal., for plaintiff-appellant.

Helena S. Wise, Burbank, Cal., for defendant-appellee.

Before ALARCON, BRUNETTI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Appellant Donald Cowger ("Cowger") appeals the district court's denial of his ex parte application for leave of court to file a complaint against appellee Donald Rohrbach ("Rohrbach") pursuant to section 501 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501(b). Cowger contends the district court erred in requiring exhaustion of internal union remedies prior to the filing of a section 501(b) complaint, and in finding that good cause for the complaint was not established.[1] We reverse.

## FACTS

Cowger is a member of the International Alliance of Theatrical Stage Employees, Local 80 ("Local 80"). Rohrbach is the elected business representative of Local 80 and is an officer and representative of the union as defined in 29 U.S.C. § 402(q).[2] From January through May 1987, Cowger filed internal union charges alleging Rohrbach breached his fiduciary obligations to Local 80. These charges were filed with the Executive Board of Local 80 ("Board"), the governing body of the union. The Board took no action on these charges.

On July 9, 1987, Cowger delivered to each member of the Board a letter dated July 2, 1987, requesting reexamination of the charges of breach of fiduciary duty. Cowger specifically requested (1) an accounting of credit card charges, weekend wages, and all wages and expenses paid by the Local on Rohrbach's behalf; (2) reimbursement of non-work related expenses associated with a trip by Rohrbach from Burbank to Boston, with a two-day stopover in St. Louis on the return to Burbank; and (3) a calculation of all costs incurred by Local 80 as the result of charges filed by Rohrbach against another union member. The letter requested that the Board take action within two months and seek reimbursement to Local 80 of all monies improperly paid for Rohrbach's benefit. No investigation was undertaken by the Board. On October 2, 1987, Cowger filed his ex parte application for leave to file a complaint against Rohrbach pursuant to 29 U.S.C. § 501. The district court denied the application because (1) Cowger had failed to exhaust his internal union remedies, which the court held was a prerequisite for the filing of a section 501 complaint; and (2) there was evidence of ongoing harassment of Rohrbach by Cowger, and therefore good cause to file the complaint was lacking.

## ANALYSIS

■ Section 501 sets out the fiduciary responsibilities of labor organization offi-

---

1. Cowger also argues that section 501(b)'s requirement that leave of court be obtained prior to initiating court action is an unconstitutional abridgement of the right of the people to petition the government for a redress of grievances. We do not address this argument because we hold that Cowger complied with section 501(b) and his application to file suit in federal court should have been granted.

2. Section 402(q) provides in pertinent part:
 "Officer, agent, shop steward, or other representative", when used with respect to a labor organization, includes elected officials and key administrative personnel, whether elected or appointed (such as business agents ...).
 29 U.S.C. § 402(q) (1982).

cers and provides a cause of action against officers who breach these obligations. Under section 501(a), officers of a labor organization occupy positions of trust in relation to the organization and its members, and have a duty to hold its money and property solely for the benefit of the organization.[3] Section 501(b) gives individual members of a labor organization the right to sue any officer who violates these fiduciary duties.[4] This right to sue, however, arises only after certain conditions precedent have been met. First, the labor organization or its governing board must have refused or failed "to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so" by a member. 29 U.S.C. § 501(b). Second, a complaint may be filed only upon leave of the court obtained after the plaintiff has (a) filed a verified application, and (b) shown there is good cause for filing the complaint. The application may be made ex parte. 29 U.S.C. § 501(b).

## A. *Request Requirement*

The requirements set out in section 501(b) are designed to protect union officers from harassment. *Loretangeli v. Critelli*, 853 F.2d 186, 189 (3d Cir.1988). The fiduciary responsibilities created in section 501(a), however, are designed to protect union members. *Id.* These two policies must be balanced when deciding what is required to satisfy the requirement of a request for an accounting. *Dinko v. Wall*, 531 F.2d 68, 73 (2d Cir.1976).

The district court held, however, that exhaustion of internal union remedies is also necessary before leave to file a complaint under section 501 may be granted, relying on *Clayton v. UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). This reliance is misplaced. The plaintiff in *Clayton* brought suit under section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), alleging breach of the collective bargaining agreement by his employer and breach of the duty of fair representation by his union in processing his grievance. *Clayton*, 451 U.S. at 682, 101 S.Ct. at 2091–92. The Court held that where an internal union appeals procedure cannot result in reactivation of a grievance, or an award of the complete relief sought under section 301, exhaustion is not required. *Id.* at 696, 101 S.Ct. at 2099.

The exhaustion requirement for grievances brought under section 301 was originally set out in *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653–54, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965). Exhaustion is required because Congress expressly stated contract grievance procedures are a

---

3. Section 501(a) provides in pertinent part:

 The officers ... of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is ... the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor

 organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy.
 29 U.S.C. § 501(a) (1982).

4. Section 501(b) provides in pertinent part:

 When any officer ... of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer ... in any district court of the United States.... No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte....
 29 U.S.C. 501(b) (1982).

favored method of settling disputes in the plant, 29 U.S.C. section 173(d), and a contrary rule would deprive employees and employers of the opportunity to establish " 'a uniform and exclusive method for orderly settlement of employee grievances' ". *Clayton,* 451 U.S. at 686, 101 S.Ct. at 2094, quoting *Republic Steel,* 379 U.S. at 653, 85 S.Ct. at 616–17. The rule in *Republic Steel* is "intended to protect the integrity of the collective-bargaining process and to further ... national labor policy that encourages private rather than judicial resolution *of disputes arising over the interpretation and application of collective-bargaining agreements." Clayton,* 451 U.S. at 687, 101 S.Ct. at 2094 (emphasis added).

The present action is brought under section 501 of the LMRDA. We held in *Horner v. Ferron,* 362 F.2d 224, 231 (9th Cir.), *cert. denied,* 385 U.S. 958, 87 S.Ct. 397, 17 L.Ed.2d 305 (1966), that exhaustion of intraorganization remedies is not required prior to filing a section 501(b) application.

It is a condition precedent to a suit under section 501(b), that the plaintiff, as a member of the labor organization, request that organization or its governing board or officers to sue or recover damages or secure an accounting or other appropriate relief from the asserted violations of fiduciary duties defined in section 501(a).... Section 501(b) makes reference to no other intraorganization remedies which must be pursued. It follows that the pursuit of other internal remedies which may be available need not be alleged to show 'good cause,' or proved to prevail on the merits.

*Horner,* 362 F.2d at 231.

Rohrbach contends that our holding in *Horner* is no longer good law in light of *Clayton.* We disagree. *Clayton* applies to actions brought under the LMRA, an act designed to assist relations between employer and employee and encourage resolution of disputes by the terms of collective

bargaining agreements rather than by the courts. The purpose of the LMRDA, in contrast, is to further union democracy and prevent the misuse of power by union leaders. *Phillips v. Osborne,* 403 F.2d 826, 831 (9th Cir.1968). While we have not considered the exhaustion issue as it relates to section 501 actions in the wake of *Clayton,* other circuits which have decided cases after *Clayton* have not required exhaustion of internal remedies. *See Adams–Lundy v. Ass'n of Professional Flight Attendants,* 844 F.2d 245, 248 (5th Cir.1988) (union member may sue under section 501(b) after requesting the union " 'sue or recover damages or secure an accounting or other appropriate relief' " and the union has refused to take action within a reasonable time following the request); *Erkins v. Bryan,* 663 F.2d 1048, 1052 (11th Cir.1981) (as amended 1982), *cert. denied,* 459 U.S. 989, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982) (petitioners may act after notifying union, requesting suit be brought, and union fails to take action within reasonable time). As the court stated in *Erkins,* "[t]he trial court could not second guess the purpose of the statute by saying that some other precondition to the filing of a petition may take the place of the one laid down in the text of the section." *Erkins,* 663 F.2d at 1052–53.

■ We therefore hold that *Horner* survives *Clayton;* exhaustion of internal union remedies is not a prerequisite to the filing of a complaint under section 501(b). We also conclude that Cowger met the first requirement of section 501(b): he made a sufficient showing of an appropriate request of the union, and a failure of the union to act within a reasonable period of time.[5]

### B. *Good Cause Requirement*

■ A plaintiff seeking leave to file a complaint under section 501(b) also must show there is good cause to bring such a

---

**5.** Although Rohrbach argues no request was made for an accounting regarding expenditures at a convention in July 1986, Cowger's letter to the Board requested "reimbursement of union funds he [Rohrbach] received for conduct outside the course and scope of his employment."

Since the July 1986 convention occurred while Rohrbach was business representative of Local 80, reimbursement of expenses incurred at the convention would be included in such an accounting. The request requirement therefore is satisfied, even though made in general terms.

suit. 29 U.S.C. § 501(b); *Horner,* 362 F.2d at 227; *Kerr v. Shanks,* 466 F.2d 1271, 1277 (9th Cir.1972), *cert. denied,* 412 U.S. 918, 93 S.Ct. 2730, 37 L.Ed.2d 144 (1973); *Flaherty v. Warehousemen,* 574 F.2d 484, 487 (9th Cir.1978); *Phillips v. Osborne,* 403 F.2d 826, 830 (9th Cir.1968). Such a showing protects union officials from harassing and vexatious litigation which has no merit, *Phillips,* 403 F.2d at 830; *Horner,* 362 F.2d at 228; *Loretangeli,* 853 F.2d at 189, and from unwarranted judicial intrusion in the processes of union democracy. *Loretangeli,* 853 F.2d at 189.

 Good cause may be established by the contents of the verified application, the complaint, or any other documents filed by the parties with the court. *Horner,* 362 F.2d at 228–29. Cowger submitted a verified application and a proposed complaint, both with exhibits documenting the charges alleged in his pleadings. Rohrbach filed a motion in opposition and a declaration, with exhibits documenting his allegations. Cowger then submitted a response and declaration, and Rohrbach submitted a supplemental declaration. In opposition to Cowger's application, Rohrbach contended he was being harassed by Cowger, and he provided extensive documentation in support of this allegation. He also argued that the expenditures at issue were authorized by Local 80's constitution and by the Board and, therefore, his benefit from them could not be a breach of his fiduciary obligations.

The district court stated in its order denying Cowger's application for leave to file his complaint that "[b]ased upon the pleadings before this Court, this Court finds that there is ample evidence of ongoing and continuous harassment of Defendant Donald Rohrbach by Plaintiff and others.... Accordingly, Plaintiff's Ex Parte Application for Leave of Court to File a Breach of Fiduciary Duty Lawsuit is hereby denied." *Cowger v. Rohrbach,* No. MISC–20234–R, slip op. at 2–3 (C.D.Cal. Nov. 12, 1987).

We addressed in *Horner* the effect of a district court's consideration of defenses in connection with the good cause requirement. We stated:

Defenses which necessitate the determination of a genuine issue of material fact, being beyond the scope of summary judgment procedure, are *a fortiori,* beyond the scope of a proceeding to determine whether a section 501(b) complaint may be filed. Defenses involving disputed questions of fact should be appraised only after a trial at which the parties and the court can have the benefit of a complete inquiry, assisted by such pre-trial discovery as may be undertaken.

*Horner,* 362 F.2d at 229 (footnotes omitted).

The parties in the present case dispute Rohrbach's defense that the union's expenditures from which he benefited were authorized. However, authorization, even if shown, is not a complete defense to a section 501 action. *Morrissey v. Curran,* 650 F.2d 1267, 1272–74 (2d Cir.1981). *See Loretangeli,* 853 F.2d at 192–93. Rohrbach's only other defense is based on his contention that he is being harassed by Cowger. But, resolution of this issue involves disputed questions of fact. Moreover, while harassment may be a factor which cuts against Cowger, it does not automatically cancel out his evidence of good cause. Cowger has set forth facts which tend to show that union funds were misspent for Rohrbach's benefit. At this early stage of the proceedings, this is sufficient to satisfy the threshold "good cause" requirement of section 501(b). *Horner,* 362 F.2d at 229; *Loretangeli,* 853 F.2d at 191–92. *But see Dinko,* 531 F.2d at 75.

## CONCLUSION

The district court's order denying Cowger's application for leave to file a complaint pursuant to 29 U.S.C. § 501(b) is REVERSED. This case is REMANDED to the district court with instructions to enter an order granting Cowger's application.