Donald L. STONE, et al., Plaintiffs,

v.

George VITALE, et al., Defendants.

Civ. A. No. 89–CV–60307–AA.

United States District Court,
E.D. Michigan, S.D.

Dec. 7, 1989.

Preliminary Injunction and
Allowance of Intervention
Dec. 11, 1989.

Barbara Harvey, Detroit, Mich.

William J. Rodgers, Ross & Hardies, Washington, D.C.

Michael J. Connolly, Cross & Wrock, Detroit, Mich.

James P. Hoffa, Hoffa, Chodak & Robiner, Detroit, Mich.

## ORDER GRANTING PLAINTIFF LEAVE TO BRING THIS ACTION AND DENYING THE MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER

LA PLATA, District Judge.

On December 5, 1989, plaintiffs Donald Stone and Frank Honor, new officers-elect to the Teamsters, Local 283 (Union), filed a verified complaint for breach of fiduciary duty by the current union officers George Vitale (president), Arron Gully (vice-president), and Phillip Ferretti (secretary-treasurer), defendants. 29 U.S.C. § 501(a) and (b). Plaintiff also relies on 29 U.S.C. § 431(c), which ensures the availability of information to union members who wish to verify the annual financial report of the union.

Plaintiffs make an *ex parte* application for leave to bring the action, as provided for in § 501, and a motion for an *ex parte* temporary restraining order. Section 501 provides in part that a member of the Union may bring suit in this Court against any officer who is alleged to have violated the duties set forth in subsection a, where the Union or its officers refuse or fail to sue, recover damages, secure an accounting, or provide other appropriate relief after being asked to by the member of the Union. "But, [n]o such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made *ex parte*."

Plaintiffs are members of the Union and have alleged violations of fiduciary duties. Plaintiffs state that they have attempted several times to audit the Union's books and records with limited success. (Plaintiffs have been told that they will be permitted by the defendants to inspect the Union's books and records on December 8.)

Plaintiffs objected to the approval of certain expenditures without the approval of the officers-elect as the bylaws require. Also, plaintiffs objected to and have requested information about the Union's order of a new car for outgoing president Vitale. The Court concludes that plaintiffs have satisfied the jurisdictional requirement that they request action by the Union. *Cowger v. Rohrbach*, 868 F.2d 1064, 1066–1067 (9th Cir.1989), *Loretangeli v. Critelli*, 853 F.2d 186 (3rd Cir.1988).

■ The good cause requirement is only a threshold inquiry which should not involve the resolution of complex questions of law or determination of material facts. *Loretangeli*, 853 F.2d at 192, *Cowger*, 868 F.2d at 1068. The verified complaint alleges approval of the purchase of a car for Vitale which is unauthorized under the bylaws; conflicting interpretation of the undefined term "extraordinary expenditures" which according to the bylaws, must be approved by the officers-elect; and refusal to permit a complete audit of the books on the demand of a member as the bylaws permit. Plaintiff has satisfied the good cause requirement because these are specific claims of unauthorized approval of expenditures, the direct personal benefit of an official, and the interpretation of bylaws and management of funds which is so manifestly unreasonable as to constitute breach of fiduciary duty.

■ Plaintiffs' proposed *ex parte* temporary restraining order would enjoin defendants from expending Union funds except for regularly recurring operating expenses or any sums of $500.00 or more without the plaintiffs' prior approval, as the officers-elect. Although plaintiffs argue that documents regarding the cars owned or leased by the Union may disappear, the proposed TRO does not protect such documents.

Under Fed.R.Civ.P. 65(b), the Court may grant a temporary restraining order without notice to the adverse party or his attorney *only if* "(1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies ..." in writing the reasons that notice should not be required.

But, in this case, the defendants may be held jointly and severally liable for any expenditures made in violation of the fiduciary duties of § 501(a) or Union assets taken for personal benefit. *Council 49, AFSCME v. Reach*, 843 F.2d 1343 (11th Cir.1988). In addition, the criminal penalty in § 501(c) encompasses almost every kind of taking, whether by larceny, theft, embezzlement or conversion. *U.S. v. Bane*, 583 F.2d 832, 835 (6th Cir.1978). Thus, any expenditures found to have been approved in violation of the officers' fiduciary duties are remediable.

Because plaintiffs have not established that an immediate or irreparable loss will result before the defendants could be heard, plaintiffs' motion for an *ex parte* temporary restraining order is DENIED. For the reasons stated above, the plaintiffs' application for leave to bring this action is GRANTED.

## PRELIMINARY INJUNCTION AND ALLOWANCE OF INTERVENTION

■ On the oral motion of the Teamsters Local Union No. 283, and on a finding that the Union claims an interest in the property and transactions which are the subject of this lawsuit, the Court permits the Union to be named as an intervenor. Fed.R.Civ.P. 24.

Plaintiffs filed a motion for preliminary injunction on December 11, 1989, after an earlier motion for an *ex parte* temporary restraining order was denied. Having reviewed the papers filed and heard argument on the matter from counsel for the plaintiff and for the Union, the Court finds that under the circumstances of this case, that plaintiffs have shown a strong likelihood of success with regard to the right to an accounting and the approval of any extraordinary expenditures by the officers-elect. Because the inspection of certain records was postponed again from a date scheduled by the Union, the Court finds that on the balance of the hardships and

the possibility that documents may not be discovered until after the named defendants have left office, a preliminary injunction is appropriate.

IT IS THEREFORE ORDERED that defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby preliminarily enjoined:

a. From removing from the union hall, secreting or destroying any books, records, ledgers, checkbooks, financial reports, receipts, minutes, vouchers, or any other books and records of the union;

b. From expending union funds, except for regularly recurring operating expenses, such as payroll, and from expending any single expenditures of $750.00 or more, without the prior approval of the officers-elect or the Court;

c. To provide plaintiffs with the information and copies of documents, and the accounting which was outlined in the affidavit of David Wright and the letter from Donald Stone to the defendants dated December 4, 1989 (attached to plaintiffs' motion), on the day following the conclusion of the audit being conducted by Charles Carberry; and

d. To afford the plaintiffs unrestricted access during regular business hours to all union books and records during the period of time remaining before they assume office on January 1, 1990, as of the day following the conclusion of the Carberry audit.

This preliminary injunction will expire at midnight on December 31, 1989. IT IS SO ORDERED.