NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES EDWARD SEITZ, | No. 22-15902 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05346-VC |
| v. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS; TEAMSTERS LOCAL 986; CHRIS GRISWOLD, Principal Officer Teamsters Local 986; UNITED AIRLINES, INC.; UNITED AIRLINES TECHNICAL OPERATIONS, SFO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 27, 2023[**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

James Seitz appeals the dismissal of his claims against the International

Brotherhood of Teamsters (IBT), Teamsters Local 986, Chris Griswold, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

United Airlines, Inc. (United; together, Defendants)[1] arising out of an adjustment in the wages of United Airlines' technicians. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review de novo a district court's dismissal for failure to state a claim, crediting all factual allegations as true and construing the pleadings in the light most favorable to the non-moving party." *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 69 F.4th 665, 671 (9th Cir. 2023). "Additionally, where, as here, a plaintiff proceeds pro se, we must 'construe the pleadings liberally' and 'afford the petitioner the benefit of any doubt.'" *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

1. Because Seitz is an airline employee, disputes between him, his union, and his employer are governed by the Railway Labor Act (RLA), not the National Labor Relations Act (NLRA). *See Air Line Pilots Ass'n v. NLRB*, 525 F.3d 862, 868 (9th Cir. 2008); 29 U.S.C. § 152(2)–(3). Accordingly, the district court properly dismissed Seitz's NLRA unfair labor practice claims (Counts III–V).[2]

---

[1] Seitz has also sued "United Airlines Technical Operations SFO," an entity that does not appear to exist.

[2] We recognize, as Seitz points out, that federal courts have often engaged in "cross application" of the substantive principles underlying the RLA, NLRA, and LMRA. That we occasionally look across the labor statutes to elucidate principles of national labor policy does not mean, however, that the independent statutory causes of action Congress created are interchangeable.

2. Seitz alleges that the IBT breached its duty of fair representation[3] when it allowed United to provide its technicians a smaller pay raise than American Airlines provided its employees, refused to disclose the details of the model that calculated the new pay rates, and closed Seitz's grievances regarding the pay adjustment.

"A union breaches its duty of fair representation 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Demetris v. Transp. Workers Union of Am., AFL-CIO*, 862 F.3d 799, 805 (9th Cir. 2017) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)). To establish that a union's act was arbitrary, the plaintiff generally must show that the union failed to perform an action "merely ministerial or procedural in nature," or that the union exercised its judgment "so far outside the wide range of reasonableness, that it is wholly irrational." *Id.* (cleaned up). To establish that the union's exercise of judgment was discriminatory, a plaintiff must show "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Id.* at 806 (quoting *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)). To

---

[3] Although United argues that Seitz technically struck his duty of fair representation claim from his complaint between the FAC and SAC, we construe Seitz's pro se complaint liberally and decline to imply a waiver where Seitz's SAC repeatedly references a duty of fair representation under the RLA.

establish that the union's exercise of judgment was in bad faith, the plaintiff must show "substantial evidence of fraud, deceitful action or dishonest conduct." *Id.* at 808 (quoting *Lockridge*, 403 U.S. at 299).

Seitz's allegations satisfy none of these standards. A union's negotiation over wages, its agreement to keep confidential an employer's proprietary information used to calculate those wages, and its determination that a grievance is meritless all involve reasonable exercises of judgment to which this court must defer. *See Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 879 (9th Cir. 2007); *Demetris*, 862 F.3d at 806. Nor do Seitz's allegations plausibly suggest that the challenged decisions were the result of bad faith or discrimination. Seitz points to a $1.5 million payment that the IBT received from United and insinuates that the IBT agreed to ratify and underenforce the CBA in exchange for that payment. But Seitz alleges no facts to connect this payment to the negotiation of the CBA, or to any other alleged misconduct.

Seitz also argues that the IBT's bad faith should be inferred from an IBT business agent's use of profanity and threats against another worker who filed a grievance about the wage adjustment. Although a union official's abusive comments toward another technician may suggest hostility toward that employee,

Seitz points to no similar conduct in his case.[4] Instead, Seitz alleges that his grievance was closed as meritless after a hearing, and after the union informed him that some information used to calculate the wage adjustment could not be disclosed because it included confidential information belonging to United. Seitz suggests that this justification was pretextual, pointing to statements from union officials explaining that the model used to calculate technicians' wages draws largely from public information. But these statements are consistent with the refusal to disclose the entire calculation because it also relies in part on proprietary information. Seitz's allegations therefore fail to plausibly suggest bad faith.

3. Seitz alleges that the IBT's actions violated the Labor Management Reporting and Disclosure Act (LMRDA). But an action under the LMRDA can only be brought "upon leave of the court obtained upon verified application and for good cause shown." 29 U.S.C. § 501(b). Seitz does not allege that he ever submitted a verified application or received leave to file his complaint. His LMRDA claim is therefore barred. *See Cowger v. Rohrbach*, 868 F.2d 1064, 1065–66 (9th Cir. 1989).

Seitz instead argues that his claim should have been considered under the

---

[4] Seitz has attached to his complaint an IBT newsletter sharply criticizing him. This newsletter, however, was published about two years before the challenged wage adjustment, and the disputes it discusses do not relate to the issues in this case.

Labor Management Relations Act (LMRA). But Seitz does not explain in what way his allegations state a claim under the LMRA. Moreover, the LMRA expressly excludes workers like Seitz, who are subject to the RLA, from its coverage. *See* 29 U.S.C. §§ 152(2)(3), 185.

4. "Federal courts do not have jurisdiction to resolve minor disputes" arising under the RLA. *Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 280 F.3d 901, 904 (9th Cir. 2002) (citation omitted). "Minor disputes are those growing out of grievances or the interpretation or application of agreements covering rates of pay, rules, or working conditions." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917 (9th Cir. 2018) (en banc) (cleaned up). Such disputes "must be addressed through the CBA's established grievance mechanism, and then, if necessary, arbitrated before the appropriate adjustment board." *Id.* Seitz's claims against United for breach of contract are archetypical "minor" disputes, because they arise out of his grievance over the interpretation of the CBA's provisions governing his pay. Accordingly, the RLA bars Seitz's breach of contract claims. *See id.*

Seitz argues that his claims fall within a narrow exception to this bar, which permits a claimant to bypass union grievance and arbitration procedures when "the effort to proceed formally with contractual or administrative remedies would be wholly futile." *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 330

(1969). This exception, however, is generally limited to situations in which a claimant cannot rely on contractual or administrative procedures because the union is conspiring with the employer against the employee. *See id.* at 331 (excusing RLA exhaustion when the union and employer conspired to prevent black employees from receiving promotion); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551–52 (9th Cir. 1987). Where, as here, the "employee does not have a triable claim against the union . . . *Glover* does not apply and the RLA requires that the claim be heard before the Adjustment Board." *Bautista*, 828 F.2d at 552. "The mere fact that the union disagrees with the . . . employee[] on the merits of their . . . claim does not mean that resort to the Adjustment Board would be 'absolutely futile' within the meaning of *Glover*." *Id.* (quoting *Glover*, 393 U.S. at 331).

5. Seitz alleges that the Defendants violated California Labor Code sections 222 and 223, which require employers to pay employees according to the wage scales provided by a CBA, statute, or other contract. The RLA, however, preempts state law claims if "the CBA is the only source of the right the plaintiff asserts" or if "adjudicating the state-law claim requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Ward v. United Airlines, Inc.*, 986 F.3d 1234, 1244 (9th Cir. 2021) (internal quotation marks and citation omitted). Seitz's claims allege a deviation

7

from a wage scale provided by his CBA, and determining whether his pay complies with the terms of the CBA would require resolving a dispute over the interpretation of the CBA. Accordingly, the RLA preempts Seitz's state law claims.

**AFFIRMED.[5]**

---

[5] Seitz's motion to file multiple reply briefs (Dkt. No. 23) is granted.