**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEVIN E. BYBEE, JOHN R. SCHOLZ, VICTOR H. DRUMHELLER, and SALLY A. DILL, as individuals and plan participants in The Continental Retirement Plan, on behalf of themselves and all others similarly situated and on behalf of The Continental Retirement Plan,

Plaintiffs-Appellants,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS; JAMES P. HOFFA, in his official capacity as the General President of the International Brotherhood of Teamsters; PETER FINN, in his official capacity as Principal Officer of Teamsters Local 210; and UNITED AIRLINES, INC., a Delaware corporation,

Defendants-Appellees.

No.   22-16280

D.C. No.
3:18-cv-06632-JD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted October 18, 2023
San Francisco, California

Before:  BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs Kevin Bybee, John Scholz, Victor Drumheller, and Sally Dill appeal the district court's order dismissing Plaintiffs' Second Amended Complaint ("SAC") with prejudice. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001), and we affirm.

1. Article 19 of Plaintiffs' 2010 collective bargaining agreement ("2010 CBA") requires aggrieved employees to present complaints to their supervisor "within (30) days after the employee or his representative could reasonably have knowledge of the incident upon which the complaint is based." The SAC indicates that, since at least 2011, Plaintiffs believed they were entitled to an elective vote to enroll in the Continental Airlines Retirement Plan ("CARP") based on the "me-too" provision in Letter of Agreement 05-03M ("LOA 05-03M").

The first grievance alleging a breach of the 2010 CBA, and specifically LOA 05-03M, was filed with a United supervisor on September 1, 2016. This grievance, like Plaintiffs' later-filed grievances, alleged that the 2010 merger of United Air Lines, Inc. and Continental Airlines, Inc. triggered United's obligations under LOA 05-03M to provide an elective vote for enrollment in CARP. As a remedy for United's failure to provide an elective vote at the time of the merger, the grievances sought Plaintiffs' retroactive enrollment in CARP from either October 2010 or November 2011. In support of their purported entitlement to this remedy,

2

the SAC alleges that IBT had promised Plaintiffs "year after year" that any pension decision would be made retroactive to the date of the merger.

The alleged promises that Plaintiffs would be allowed to join CARP retroactively, however, were made by IBT, not United, and were not part of the collective bargaining agreements or LOA 05-03M. Accordingly, regardless of whether the failure to make CARP enrollment retroactive could serve as the basis of a breach of duty of fair representation ("DFR") claim against IBT, it cannot support a claim against United for breach of the 2010 CBA.

Because Plaintiffs had knowledge that they were not provided an elective vote when that right was allegedly triggered on either October 1, 2010 or November 30, 2011, Plaintiffs' grievances filed with United approximately four to five years later were untimely under the grievance procedure of the 2010 CBA.

A. Because the grievances were untimely filed, we conclude that IBT's exercise of judgment and reliance on the Gleason Memo—which also concluded, *inter alia*, that the grievances were time-barred—were not "arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998). Accordingly, the district court properly ruled that IBT did not breach its duty of fair representation when it withdrew Plaintiffs' grievances.

B. The district court also properly concluded that Plaintiffs' breach of DFR claim regarding IBT's alleged failure to safeguard Plaintiffs' rights during

3

negotiations with United was time-barred under the six-month statute of limitations applicable to claims arising under the Railway Labor Act ("RLA"). Although Plaintiffs acknowledge that they became aware of IBT's abandonment of LOA 05-03M in 2016, the present action was not initiated until October 31, 2018—more than two years after Plaintiffs knew of the alleged breach of the DFR. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

C. The breach of contract claim alleged in the SAC is a "minor" dispute because it arises from the terms of the CBA. The district court thus correctly concluded it did not have jurisdiction over this claim. Plaintiffs did not plausibly plead that United "colluded" with IBT to discriminate against them or that it repudiated the grievance process once IBT withdrew the grievances. Plaintiffs also did not plausibly plead that IBT wrongfully refused to process their grievance, given IBT's reliance on the Gleason Memo and our conclusion that the grievances were untimely when they were filed. Accordingly, no exception to the jurisdictional bar on adjudicating minor contractual disputes exists in this case. *See Vaca v. Sipes*, 386 U.S. 171, 185 (1967); *Glover v. St. Louis-S.F. Ry. Co.*, 393 U.S. 324, 331 (1969).

D. Assuming without deciding that Plaintiffs had the right to arbitrate their grievances without union representation under section 184 of the RLA, their ability to do so would be subject to the grievance process specified in the 2010 CBA. *See*

4

*Int'l Bhd. of Teamsters, Airlines Div. v. Allegiant Air, LLC*, 788 F.3d 1080, 1086 (9th Cir. 2015) ("[T]he RLA requires employees and carriers first to exhaust the grievance procedure specified in a collective bargaining agreement."); *see also* 45 U.S.C. § 184 (requiring disputes to "be handled in the *usual manner*") (emphasis added). Because Plaintiffs' grievances had not been timely filed, Plaintiffs had no live grievance to arbitrate before the board of adjustment. Accordingly, the section 184 claim was properly dismissed.

E. The district court also properly dismissed Plaintiffs' claim for breach of fiduciary duty under section 501 of the Labor-Management Reporting and Disclosure Act. Plaintiffs have not alleged that they satisfied the conditions precedent to raise this claim by making a demand on IBT, submitting a verified application, or receiving leave to file this complaint. *See Cowger v. Rohrbach*, 868 F.2d 1064, 1066 (9th Cir. 1989) (citing 29 U.S.C. § 501(b)). On the merits, the allegations of breach of the union officials' individual duties are speculative and would separately fail for that reason.

F. The district court properly dismissed Counts V–X alleging violations of ERISA because CARP itself does not include a provision that entitles Plaintiffs to be enrolled in the plan. At best, Plaintiffs' claim arises from the CBA, not CARP, and because the claim depends solely on the interpretation of the CBA, it is a "minor" dispute over which this court lacks jurisdiction. *See Long v. Flying Tiger*

*Line, Inc. Fixed Pension Plan for Pilots*, 994 F.2d 692, 694 (9th Cir. 1993) ("An employee pension plan falls within the scope of the Railway Labor Act and is subject to its mandatory arbitration procedures.").  Plaintiffs do not allege that the Profit-Sharing Plan is subject to ERISA, so the PSP claim also lacks merit.

2.  Finally, the district court did not abuse its discretion in dismissing the SAC with prejudice.  Because there are no additional facts that could be pleaded that would save any of the dismissed claims, amendment would clearly be futile.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008).

**AFFIRMED.**